

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARY SUE WALSH, §
 §
　　　　Plaintiff, §
 §
VS. § NO. 4:10-CV-019-A
 §
FEDEX CORPORATION, §
 §
　　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for summary judgment of defendant, Federal Express Corporation, ("FedEx").[1] After having considered such motion, its supporting brief and appendix, the response of plaintiff, Mary Sue Walsh, and her supporting brief and appendix, FedEx's reply, the entire summary judgment record, and pertinent legal authorities, the court has concluded that the motion should be granted and that plaintiff's claims and causes of action should be dismissed.

I.

Facts

The following facts relevant to the motion for summary judgment are undisputed in the record:

---

[1] Defendant says it has been incorrectly named "FedEx Corporation." Answer at 1. The court accepts defendant's statement that its correct name is "Federal Express Corporation."

Plaintiff began her career with FedEx in 1986. Most recently, she worked as a manager of station operations at FedEx's Fort Worth, Texas, station. She held that position from February 5, 2009, until her termination on May 20, 2009. Prior to working at the Fort Worth station, plaintiff was a manager at a FedEx station in San Antonio, Texas.

In May 2008, while plaintiff was working in San Antonio, she requested emergency transfer to the Dallas-Fort Worth area so that she could be closer to her daughter, who had attempted suicide. Rather than automatically transfer plaintiff to a Dallas-Fort Worth area station, FedEx required her to apply and interview for open positions. Plaintiff was made to apply and interview because the managing director of the Dallas Metro District, Teri Reeves ("Reeves"), thought that senior managers should be able to choose their own subordinate managers.[2]

Plaintiff applied and interviewed for several positions in the Dallas-Fort Worth area but was ultimately an unsuccessful candidate. Consequently, her emergency transfer request was denied. In late summer of early fall 2008, plaintiff filed an internal complaint because she was not selected for one of the positions for which she applied. On the "Employee Information

---

[2]According to FedEx, each station is managed by a senior manager, who supervises several managers such as plaintiff. Senior managers report to a managing director, who reports to a regional vice president.

Form" submitted with the packet of materials comprising her complaint, plaintiff identified discrimination based on race, sex, and age as the basis for her complaint. When prompted by another form to explain in a narrative why she felt she had been discriminated against, plaintiff did not mention her protected characteristics but alleged, essentially, that she was not chosen for a job because Reeves personally disliked her.

FedEx investigated plaintiff's complaint but found no evidence of discrimination. It concluded, however, that requiring managers who requested emergency transfer to apply and interview for open positions was inconsistent with its policy of automatically transferring hourly employees who requested emergency transfer. As a result, FedEx offered plaintiff the manager position at the Fort Worth station, even though her application for such position previously had been rejected by the senior manager there, Jay Leone ("Leone").

Plaintiff began work at the Fort Worth station on February 5, 2009. In April 2009 the Genesis machine at the Fort Worth station failed during plaintiff's shift.[3] Though plaintiff was aware that the machine had not functioned properly, she indicated in a nightly report submitted to the district office that it was "100 percent." When asked by Leone the following week why she

---

[3] The court cannot tell from the record what, exactly, the Genesis machine does; however, a description more detailed than that provided is unnecessary to resolve defendant's motion.

indicated that Genesis was 100 percent, when, in fact, there was a failure, plaintiff responded "I screwed it up. I don't know what I was thinking." Def.'s Mot., App. at 66. After investigating the matter Leone determined that plaintiff failed to follow protocol in the event of a Genesis failure and issued her a performance reminder.

The incident that ultimately led to plaintiff's termination occurred May 18, 2009. Plaintiff called Brenda Cohen ("Cohen"), an employee in her charge who was on bereavement leave. Because Cohen was due to receive a performance review and was uncertain when she would be able to return to work, plaintiff gave Cohen her performance review over the phone. Plaintiff then asked Cohen for Cohen's password to PRISM, FedEx's computer-based personnel management system. Plaintiff logged on to PRISM using Cohen's password and, acting as Cohen, validated Cohen's personal information, signed the performance review, and certified that Cohen had taken a required training course.

Later that day, plaintiff called Leone and related to him what she had done. Plaintiff called Leone because "the more [she] thought about it, the more [she] thought [she] made a poor decision and should let him know." Def.'s Mot., App. at 26. Leone instructed plaintiff to email the station's human resource representative, Wanda Cunningham ("Cunningham"), and inform

4

Cunningham of plaintiff's actions with respect to Cohen. After discussing plaintiff's actions with Cunningham, Leone notified plaintiff on May 19, 2009, that she was being suspended pending an investigation of a potential violation of FedEx's Acceptable Conduct Policy.

Plaintiff was terminated May 20, 2009. Her termination letter, which was signed by Leone, stated "I am issuing this termination letter effective today . . . for falsification of Company records/documents and misuse of PRISM." Def.'s Mot., App. at 70. The letter explained that plaintiff's actions in logging on to another employee's PRISM account and entering information as that employee violated FedEx's Acceptable Conduct Policy and Information Security Standards. The letter concluded "[j]ust recently you were issued a Performance Reminder in a situation in which you were given the benefit of the doubt on whether poor judgment and misconduct were involved. With this instance, you have left me no choice but to terminate your employment." Id. at 71.

II.

Plaintiff's Pleaded Claims

Plaintiff contends she was terminated based on her sex, her association with a person who has a disability, namely, her daughter, and her own disability, which she contends is

5

depression, in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). She also contends that FedEx terminated her in retaliation for her filing two internal discrimination complaints, in violation of the ADA and Title VII.

III.

Grounds of the Motion for Summary Judgment

FedEx contends it is entitled to summary judgment because plaintiff cannot demonstrate a prima facie case as to any of her causes of action or show that FedEx's legitimate, nondiscriminatory reason for firing her was pretext for unlawful discrimination or retaliation.

IV.

Applicable Summary Judgment Principles

Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, summary judgment should be rendered if there is no genuine dispute about any material fact and the undisputed facts show that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party moving for summary judgment has the initial burden of identifying the basis of its motion and showing that there is no genuine dispute about any material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Where, as here, the nonmoving party will bear the burden of proof at trial, the moving party can make this showing by pointing out the lack of evidence supporting one or more elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

Once the moving party has made the showing required by Rule 56(c)(2), the nonmoving party may no longer rely on the allegations of its pleadings but must identify evidence in the record probative of each of the challenged elements of its case. Id. at 324. If the evidence identified, viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for that party, summary judgment is appropriate. Matsushita Elec. Indus. Inc. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

V.

Analysis

A. The Applicable Evidentiary Framework

The court assumes, arguendo, that the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), and modified in Desert Palace, Inc. v. Costa, 539 U.S. 90, 100-01 (2003), applies to each of plaintiff's

causes of action. The framework is familiar. Plaintiff must first demonstrate a <u>prima facie</u> case. 411 U.S. at 802. If plaintiff makes out a <u>prima facie</u> case, a presumption of discrimination (or retaliation) arises, and the burden shifts back to FedEx to articulate a legitimate, nondiscriminatory reason for plaintiff's termination. <u>Id.</u> Once FedEx articulates such a reason, the presumption created by plaintiff's <u>prima facie</u> case disappears, leaving plaintiff with the ultimate burden to prove that she was the victim of intentional discrimination or retaliation. <u>Id.</u> at 804-05. To carry her burden at the summary judgment stage, plaintiff must provide evidence from which a rational fact finder could conclude either that (1) FedEx's proffered reason for her termination is not true, but is instead pretext for discrimination or retaliation, or (2) FedEx's reason, while true, is only one reason for its conduct, and another motivating factor was plaintiff's protected characteristics or activity.

B. <u>Plaintiff Has Not Shown that Her Termination was Motivated by Impermissible Bias</u>

Because the court ultimately concludes that there is no evidence in the record supporting a finding either that FedEx's legitimate, nondiscriminatory reason was pretext or that plaintiff's sex, disability, or protected activity was a motivating factor in her termination, the court will assume that

8

plaintiff can demonstrate a prima facie case. FedEx has produced evidence that, if believed, would support a finding that plaintiff was terminated for a legitimate, nondiscriminatory reason. To survive FedEx's motion for summary judgment, plaintiff must therefore provide evidence from which a rational fact finder could conclude that her sex, disability, or protected activity played some role in her firing.

1. Discrimination

The court notes, at the outset, that plaintiff has failed to adduce any evidence from which a rational fact finder could conclude that her disability or her daughter's disability played any role in Leone's decision to fire her. Her cause of action for disability discrimination under the ADA should therefore be dismissed.

As to her sex claim for sex discrimination, plaintiff attempts to create a genuine dispute of fact by first arguing that FedEx's proffered reason for her termination could not have been the real reason because (1) Leone conducted an inadequate investigation into the Cohen incident, (2) her conduct with respect to Cohen was not a "falsification" under the Acceptable Conduct Policy, and (3) even if she did falsify records, termination was not warranted under the Acceptable Conduct Policy.

9

Her subjective believe notwithstanding, plaintiff has not pointed to any evidence in the record demonstrating that Leone's investigation was inadequate. As evidence that her conduct was not a "falsification" under the Acceptable Conduct Policy and did not warrant termination, plaintiff points to an unauthenticated copy of the Acceptable Conduct Policy in place at the time of her termination. Were the court to consider such document to be competent summary judgment evidence, it would not support plaintiff's contentions. For one, the policy does not exclude from its definition of "falsification" logging on to PRISM using another employee's password. And, although such conduct is not listed under the "Discharge Offense" category, the Acceptable Conduct Policy conspicuously states that "<u>any</u> violation [of the policy] could potentially result in termination of employment." Pl.'s Resp., App. at 145. Plaintiff's contention that she was terminated in contravention of the Acceptable Conduct Policy is therefore unfounded.

Plaintiff also tries to prove that she was discharged based on her sex by showing that she was treated less favorably than two similarly situated male employees: Johnny Crawford ("Crawford") and Donald Scott ("Scott"). Crawford was a courier who was terminated by plaintiff for falsifying delivery records, but later reinstated following the resolution of an internal

discrimination complaint. Scott was a manager who, like plaintiff, was terminated by Leone for logging on to PRISM as one of his employees and completing a company survey. Unlike plaintiff, however, Scott was given a severance package following his termination.

The court is not persuaded that FedEx's treatment of Crawford and Scott supports a finding that plaintiff was fired based on her sex. Crawford did not hold the same position as plaintiff, he was not fired for logging on to PRISM as another employee, and he was not fired by Leone. Given these differences between the circumstances surrounding Crawford's termination and those of plaintiff's, a fact finder could not determine, by comparing the two, that any differential treatment was because of sex. See Bryant v. Compass Grp. USA Inc., 413 F.3d 371, 478 (5th Cir. 2005) (to raise an inference of discrimination, plaintiff must compare her treatment to that of nearly identical, similarly situated individuals, terminated under nearly identical circumstances). FedEx's treatment of Scott tends to support a finding that plaintiff was _not_ terminated because of her sex. He was terminated for logging on to PRISM as another employee, just like plaintiff.

2. <u>Retaliation</u>

Plaintiff's retaliation claims are based on her contention that Leone resented being forced to take her under his supervision as a result of her internal complaint. She also contends that she was terminated in retaliation for a second internal complaint filed approximately one month prior to her termination, in which she complained that Leone issued her a performance reminder because of her sex, her disability, and her daughter's disability. The record does not contain a second complaint, and FedEx disputes that one was ever filed. However, Leone testified in his deposition that he was aware that plaintiff had filed a second internal complaint in April 2009. The court finds that plaintiff filed a second complaint at that time.

As evidence of Leone's retaliatory motives, plaintiff points to (1) the close timing of her termination to the filing of her internal complaints and (2) the affidavit of Steve Smith ("Smith"), a former manager under Leone, who averred in pertinent part that Leone "seemed openly disgusted" when announcing that plaintiff was coming to the Fort Worth station and "stated words to the effect that if [plaintiff] made any blunders or was not competent, he would take steps to move her out of the company." Pl.'s Resp., App. at 122-23.

The court does not find Smith's affidavit particularly probative of Leone's motive to terminate plaintiff. Viewed in the light most favorable to plaintiff, Leone's demeanor and comments (as described by Smith) support inferences that Leone did not like plaintiff and did not want her to work at his station. However, nothing that Leone did or said, as described in Smith's affidavit, suggests that Leone's animosity toward plaintiff stemmed from her filing of an internal complaint. Smith's affidavit therefore does not help plaintiff show that the filing of her internal complaints played a role in Leone's decision to fire her.

Thus, the only evidence plaintiff is left with is the close timing of her termination to the filing of her internal complaints. Close timing of an adverse employment action to a plaintiff's protected activity, without more, is insufficient to support a jury finding that the adverse action was retaliatory. Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188-89 & n.3 (5th Cir. 1997). If timing, alone, were sufficient, any action taken by FedEx within a few months of plaintiff's internal complaints, no matter how justified, could found to be retaliatory. Moreover, the record shows that plaintiff's termination came within two days of her engaging in actions that FedEx perceived to be violations of the Acceptable Conduct Policy. If anything,

the timing of plaintiff's termination supports the inference that she was fired for the reason articulated by FedEx, not that she was fired in retaliation for her protected activity. Id.

The Fifth Circuit's decision in Shirley v. Chrysler First, Inc., 970 F.2d 39, 42-43 (5th Cir. 1992), on which plaintiff relies, is not to the contrary. In Shirley, the Fifth Circuit affirmed the district court's finding of retaliation where the defendant terminated the plaintiff fourteen months after she filed an EEOC complaint and two months after the complaint was dismissed. 970 F.2d at 42. In reaching its conclusion, however, the court relied on not only the proximity of plaintiff's termination to her protected activity, but also evidence showing that the plaintiff's boss made disparaging comments about her EEOC complaint at least twice a week and "harassed [her] to death about it." Id. at 43. Plaintiff has presented no evidence that anyone at FedEx made any such comments about her internal complaints. Thus, Shirley is not on point.

Plaintiff has not carried her burden to provide evidence from which a rational fact finder could conclude that she was terminated in retaliation for any protected activity.

## VI.

## Order

For the reasons given above,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff against FedEx be, and are hereby, dismissed with prejudice.

SIGNED September 27, 2010.

JOHN McBRYDE
United States District Judge